UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


In re:

Supboena for Rule 2004
Examination to the Wauregan          Civil No. 10-mc-00005-JL
Company, Inc.


**SUMMARY ORDER**

The Wauregan Company has moved under Fed. R. Civ. P.

45(c)(3) to quash a third-party subpoena issued from this court

by respondent Bank of America in connection with a Chapter 7

bankruptcy case currently pending in the United States Bankruptcy

Court for the Northern District of Illinois.  See Knight-Celotex,

LLC and Knight Industries I LLC, No. 09-12200 (Bankr. N.D. Ill.).

The president of Wauregan, James A. Knight, is also the former

principal owner and chief executive officer of Knight Industries,

the bankruptcy debtor, of which Bank of America is the largest

secured creditor.  Bank of America alleges that Wauregan

"essentially was used as a conduit to pass through money" from

Knight Industries to its executives.

The subpoena, served on November 9, 2009, demanded that

Wauregan produce certain documents by November 23, 2009, and make

a corporate representative available for a deposition in New

Hampshire (Wauregan's home state) on December 8, 2009.  Wauregan

refused to comply with the subpoena as issued, so Bank of America

moved on December 29 to compel compliance, filing its motion with

the Illinois bankruptcy court (not this court).  On January 5,

2010, the Illinois bankruptcy court ordered Wauregan to produce

all responsive documents by January 8, 2010, and to submit to a

deposition one week later.  Refusing to do so, Wauregan moved to

quash the subpoena in this court on January 8.

Since that time, Bank of America has sought and obtained

from the Illinois bankruptcy court an order for sanctions against

Wauregan and Mr. Knight personally for refusing to comply with

the subpoena as ordered.  Recently, Bank of America filed another

sanctions motion asking the Illinois bankruptcy court to hold Mr.

Knight in contempt and to imprison him for continued non-

compliance with the subpoena.  A hearing on that motion is

currently scheduled for tomorrow.  Seeking to prevent that

hearing from going forward, Wauregan today filed an emergency

motion with this court for a protective order under Fed. R. Civ.

P. 26(c).[1]

Having reviewed the parties' submissions and researched the

relevant law, this court denies both of Wauregan's motions.  Rule

45 authorizes the court that issued the third-party subpoena to

quash or modify it upon a "<u>timely</u> motion."  Fed. R. Civ. P.

---

[1]The judge originally assigned to this case, Magistrate
Judge Muirhead, recused himself earlier today.  As a result, the
undersigned judge had not seen the parties' filings until today.
The court apologizes to both parties for the inconvenience.

45(c)(3)(A) (emphasis added).  To be considered timely, a motion
to quash generally must be filed within the time for compliance
set forth in the subpoena itself.  <u>See</u>, <u>e.g.</u>, 9 <u>Moore's Federal</u>
<u>Practice</u> § 45.50[1], 45-77 (3d ed. 2009) (citing cases).  Here,
Wauregan filed its motion a full month after the deadline in the
subpoena.  While such a delay may be excusable in some cases, it
is not so here, where Bank of America moved to compel compliance
in the intervening period and still Wauregan did not file its
motion to quash until more than a week later, <u>after</u> the Illinois
bankruptcy court had ordered it to comply.  Had Wauregan filed
its motion in a timely manner, this court would not have been
placed in the unwelcome position of having to decide whether to
interfere with another federal court's proceedings.  Because
Wauregan's motion is untimely, this court now declines to do so.

       Moreover, even if Wauregan had challenged the subpoena in a
timely manner, this court would deny his motions on the merits
anyway because the subpoena is not overbroad or unduly
burdensome.  Wauregan objects to the subpoena's demand that
documents be produced in Illinois, as opposed to New Hampshire,
but they could be sent to Illinois with minimal burden and
expense and without requiring a personal appearance by anyone
from Wauregan.[2]  Wauregan also objects to the subpoena's demand

---

       [2]Moreover, it appears that Bank of America agreed to a New
Hampshire production.

that Mr. Knight, who is on an extended vacation out west, return to New Hampshire for a deposition.  But that is not an unreasonable request, at least under the circumstances here.[3] Finally, Wauregan objects that the subpoena requests documents unrelated to the bankruptcy proceeding and thus beyond the scope of Fed. R. Bankr. P. 2004.  But in light of Bank of America's allegations about the "conduit" relationship between Wauregan and the bankruptcy debtor and its executives, all of the requests in the subpoena relate to "matter[s] which may effect the administration of the debtor's estate."[4]  Fed. R. Bankr. P. 2004. Thus, the subpoena is not overbroad and does not impose an undue burden on Wauregan.  Similarly, there is no good cause for issuing a protective order under Rule 26.

For the foregoing reasons, Wauregan's motion to quash[5] and its emergency motion for a protective order[6] are DENIED.  The clerk shall enter judgment accordingly and close the case.

---

[3]Moreover, it appears that Bank of America agreed to conduct the deposition out west.

[4]Wauregan also argues that Bank of America failed to obtain an order from the Illinois bankruptcy court authorizing it to issue a subpoena under Rule 2004.  But that argument is moot in light of the bankruptcy court's subsequent order compelling compliance.

[5]Document no. 1.

[6]Document no. 8.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  February 22, 2010

cc:   Peter G. Callaghan, Esq.
      Daniel P. Luker, Esq.
      Richard J. Lehmann, Esq.